## Tyler vs. Bank of Kentucky.

Error to the Jefferson circuit; JOHN P. OLDHAM, Judge.

*Bills of exchange. Protest. Evidence.*

Judge MILLS delivered the Opinion of the Court.

DEBT

Case 117.

October 13.

Judgment for the bank against Tyler, on his endorsement of a negotiable note, discounted.

ANDERSON MILLER made his promissory note for $5,500, to the plaintiff in error, Levi Tyler, payable and negotiable at the branch of the bank of Kentucky, at Louisville. The note was endorsed by Tyler, and then by several others in succession, all for the accommodation of Miller, and it was ultimately discounted by the branch bank, at the instance of Miller, and the proceeds carried to his credit. When the note arrived at maturity, on the last day of grace, it was presented by a notary public, and being dishonored, was protested by him, and due notice thereof in writing, in a letter sent by the notary public, was given to Tyler. The bank then brought this action of debt, and recovered a verdict and judgment against Tyler, for the contents of the note; to reverse which he has prosecuted this writ of error.

On the trial in the court below, various questions were made, both by pleading, and on the evidence, all of which were ruled against Tyler, and there is none of them, except one, but what has been repeatedly decided by this court; and on the most obvious principles they were correctly ruled on the trial in the court below; so that we do not think it necessary to notice them. The one to which we allude is the following; there was no proof that the note was in fact presented and dishonored, except the protest of the notary itself, and this it is contended, is not suficient, and that the protest is not evidence of these facts, and that the notary himself ought to have been called, or some other who knew the facts, instead of resting on the certificate of the notary, especially as the presentment and dishonor of the bill all happened within this state, and that in such case the certificate or statement of facts by the notary is not the best evidence, and on this point we are referred to 2 Phil. Ev. 36, Chit. on bills 280, 332.

Question stated.

It is true that it is laid down in these authors, that

TYLER
vs.
BANK OF KY.

Rule in Chit t. on Bills, that the protest of the notary public of a foreign bill in England, is not sufficient evidence of the demand and non payment, is from a single pos-revolutionary case, and not law.

"in an action on a foreign bill presented abroad the dishonor of the bill will be proved by producing the protest purporting to be attested by a notary public, and proof of the notary's atte t..tion and fixing the seal will not be requisite. But that the presentment of a foreign bill in this country (England) must be proved in the same manner, as if it were an inland bill, or promissory note," in which latter cases the protest of a notary by *common law* is not necessary, and therefore proves nothing. These elementary writers have incorporated into their works this doctrine from a solitary post—revolutionary decision, which is not authority here, and cannot even be read in court by the directions of a positive statute, and therefore it must rest on reason, and be respected so far as it can be supported on principle. The doctrine is simply this: that when the presentment and dishonor of the bill happens to have happened out of the realm, then the protest of the notary public is evidence of the facts which it certifies; but when the presentment is within the country, then the protest *is not the best evidence of the facts stated therein*; but these facts must be proved as other facts are, and as they would be proved in the case of an inland bill. Now, in case of an inland bill, no *protest* is necessary; and if made according to the principles of the common law, it is a *nugatory act*, and proves nothing, and therefore it is the *intention* of these writers to say, that a protest of a foreign bill presented at home is incompetent to prove either its presentment or dishonor.

If the doctrine rested on these authorities without any thing to oppose their weight, however respectable they may be, we should *hesitate long before we adopted it*. If it be correct, it fixes on the law merchant, an inconsistency, which we are unable to reconcile. A protest is essential to a foreign bill, whether it be presented at home or abroad. It is vain to attempt a recovery without it. It is said to enter into the substance of the bill, and even though it be presented and dishonored in the country, its production is indispensable; and it may be forcibly asked, why it is necessary, if it proves nothing when produced, except that there is such a paper with the

notarial seal annexed? A species of evidence indispensably requisite, proves nothing after it is adduced! This is a paradox to us inexplicable.

But even if these authorities could not be combatted on principle, they are opposed by another still more weighty and decisive in this country, which must prevail. The act of assembly which provides for the appointment of notaries, 2 Dig. L. K. 956; after providing for their appointment and tenure of office adds: "To whose protestations, attestations, and other instruments of publication, due credence is hereby given." And in the last clause it is further provided. "That all instruments of writing, to which by law, the signature and seal of the notary public of any state, city, town or corporation are required, when thus signed and sealed, shall be received as evidence, together with the certificate of the notary public, without any other or further authentication, in any matter of controversy, either in law or chancery, in any of the courts in this commonwealth."

By the express provisions of this act, it is only necessary to ascertain whether the notary has acted in a case in which he is required to act by law, and then the question is settled, that his certificate is evidence. The paper, on which this suit is founded, is placed by the charter of the bank on the footing of a foreign bill of exchange. To them a protest is requisite, and so it is to this note, and as it is required, this act declares it to be evidence, together with the certificate of the notary, without further authentication. It therefore follows that the court below decided correctly, in ruling that the protest and certificate of the notary public, fully proved the presentment and dishonor of this note, and the judgment is therefore affirmed with costs.

*Haggin* for plaintiffs; *Crittenden* for defendants.

Margin notes:
Tyler
vs.
Bank of Ky.

Statute of Ky. makes the protest of the notary sufficient evidence o· the demand and nonpayment of all foreign bills, and no is negotiable notes placed on their footing.